UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TOMMY W. HIGGINS, | CASE NO. 5:16 CV 2087 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| AKRON POLICE DEPARTMENT, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

**Introduction**

*Pro se* Plaintiff Tommy W. Higgins, a state prisoner incarcerated in the Trumbull Correctional Institution, has filed this *in forma pauperis* civil rights action against the Akron Police Department and Akron Police Detective Randy Shoaff.  He alleges that on September 3, 2014, Detective Shoaf stopped and arrested him while he was traveling in a vehicle on the interstate.  He alleges he was subsequently taken to a house located more than a mile away and subjected to a strip and body cavity search.  He alleges he suffered injury as a result of the search and that he discovered, during the course of the subsequent criminal proceedings brought against him,[1] that the search warrant used to effectuate his arrest was illegal and invalid.  He seeks monetary relief.  Although the plaintiff does not clearly state the legal basis for his claims, it appears he is asserting claims pursuant to 42 U.S.C. §1983 for violations of his constitutional rights under the Fourth and Eighth Amendments.

**Analysis**

The action is before the Court for initial screening pursuant to 28 U.S.C. §1915(e).  That statute requires federal district courts to screen *in forma pauperis* actions and dismiss before service

---

[1] The Summit County Court of Common Pleas docket, of which this Court may take judicial notice, shows that the plaintiff was subsequently charged and convicted of possession and trafficking in heroin.  *See State v. Higgins*, CR-2014-09-2671 (Summit County Ct. of Common Pl.).

any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

The Court finds the action must be dismissed. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court made clear that a prisoner may not seek damages under §1983 for an "allegedly unconstitutional conviction or imprisonment, or for any other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the prisoner demonstrates that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." The Supreme Court instructed that when a state prisoner seeks damages in a §1983 suit, the "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

The plaintiff's claims challenging the constitutionality of his arrest and search would clearly call into question the validity of his subsequent criminal drug convictions. Therefore, under *Heck*, in order to assert his claims in a civil rights action, the plaintiff must demonstrate that his conviction has been reversed or invalidated in one of the other ways articulated in *Heck*. The plaintiff has not done so. Accordingly, pursuant to *Heck*, his complaint fails to state a cognizable civil rights claim and must be dismissed.

Further, the plaintiff's civil rights claims against the Akron Police Department fail for the additional reason that municipal police departments are not entities capable of being sued under § 1983 because they are not independent governmental entities, but are "merely sub-units of the

municipalities they serve." *Davis v. Bexley Police Department*, Case No. 2: 08 CV 750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009), citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002).

## Conclusion

Accordingly, for all of the reasons stated above, the plaintiff's complaint fails to state a plausible federal civil rights claim and is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 */s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED:  December 15, 2016